UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RYAN JHAGROO,

        Plaintiff,

  -v-                                                      No. 16 CV 3426-LTS-SDA

OFFICER BROWN (JOHN DOE), Badge
#53269, Working the 3pm to 11pm tour
building E.M.T.C. 6 Main Housing Unit, June
7, 2015, JANE DOE, Badge # 9980, working
the same tour 3pm-11pm 6 Main E.M.T.C.
June 7, 2015,

        Defendants.

-----------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        The Court has reviewed Magistrate Judge Stewart D. Aaron's May 25, 2018 Report and Recommendation (the "Report") (Docket Entry No. 61), which recommends that the Court dismiss Ryan Jhagroo's ("Plaintiff") complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). The Court has carefully reviewed the Report and the submissions of both parties and, for the following reasons, grants Plaintiff 60 days to comply with the Court's previous order to authorize the release of his medical records from June 7, 2010 to the present. (<u>See</u> Order, September 12, 2017, Docket Entry No. 32; <u>see also</u> Order, dated January 17, 2018, Docket Entry No. 48.)

        The Court presumes familiarity with the facts of this case.

        Plaintiff filed a complaint on May 6, 2016 alleging that, on June 7, 2015, while incarcerated in Rikers Island, the "Defendants failed to protect him by allowing other inmates to attack him." (Report at 1.) As a result of these attacks, he alleges that he suffered several

physical injuries and mental trauma. (Id.) As further detailed in the Report, Defendants repeatedly requested that Plaintiff execute a release of his medical records from June 7, 2010 (5 years prior to the incident), through the present. (See generally Report at 1-4.) Despite two court orders warning that failure to provide the requested release could result in the dismissal of his complaint (Docket Entry Nos. 32 and 48), Plaintiff failed to comply with these requests and only returned, on May 17, 2017, a set of releases for his medical records from June 7, 2015 to the present (see Defendants' Letter, Docket Entry No. 52-2, at 2), and an improperly executed and un-notarized release, dated September 23, 2017. (Docket Entry No. 52-3; see also Report at 2.)

After the Report was entered onto the docket, the Court has received several submissions from Plaintiff, including one styled as an objection. (Docket Entry Nos. 62, 63, 65, 66, 67, 68, 69.)

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must make a de novo determination insofar as a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If, however, the objecting party makes only conclusory or general objections, or simply attempts to re-litigate his original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 CV 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003). Although a pro se litigant's arguments must be liberally construed, he must still make specific objections "clearly aimed at particular findings in the magistrate's proposal." Pinkney v. Progressive Home Health Servs., No. 06 CV 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), aff'd, 367 F. App'x 210 (2d Cir. 2010).

Although Judge Aaron's thorough and well-reasoned Report contains ample justification to dismiss Plaintiff's complaint pursuant to Rule 41(b) and Plaintiff makes no specific objection's to Judge Aaron's reasoning, the information contained in Plaintiff's letters to the Court detail the difficulties he faces in returning the authorization due to his mental health challenges, his moving to a new prison facility, and his status as a pro se litigant. Accordingly, Plaintiff is hereby given **60 days from the date of this Memorandum Order** (until November 9, 2018) to comply with the Court's previous orders (Docket Entry Nos. 32 and 48) to provide Defendants with a release of his medical records from June 7, 2010 through the present. If Plaintiff fails to timely comply with this order, this action will be dismissed for the reasons stated in the Report.

Defendants are directed to mail a copy of the release to Plaintiff, including any applicable instructions, such as any requirement that it be notarized, within **five (5) days** of the date of this Memorandum Order. Within **five (5) days of the expiration of the 60-day period** following this Memorandum Order, Defendants are directed to file a certificate attesting to their timely provision of a copy of the release to Plaintiff and stating whether they have received the properly executed release.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

This Memorandum Order resolves Docket Entry No. 51.

SO ORDERED.

Dated: New York, New York
September 10, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Ryan Jhagroo
#17R1739
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508