UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jhagroo,

                              Plaintiff,

-against-

Brown (John Doe) et al,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2020

1:16-cv-03426 (MKV) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Before the Court are letters dated May 18, 2020, May 22, 2020, May 24, 2020 and June 4, 2020, in which *pro se* plaintiff, Ryan Jhagroo ("Jhagroo" or "Plaintiff"), (1) seeks leave to amend his Complaint; (2) seeks responses to discovery requests; and (3) seeks leave to subpoena trial witnesses. (5/18/20 Ltr., ECF No. 116; 5/22/20 Ltr., ECF No. 117; 5/24/20 Ltr., ECF No. 118; 6/4/20 Ltr., ECF No. 121.) For the reasons set forth below, Plaintiff's motion to amend and discovery requests are DENIED and his request for trial subpoenas is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

This action, which is brought pursuant to 42 U.S.C. § 1983, was commenced on May 6, 2016 by the filing of a Complaint. (Compl., ECF No. 2.) The Complaint alleges that, while Jhagroo was an inmate at Rikers Island, defendants, Correction Officer Brown ("Brown") and Correction Officer Hudson ("Hudson") (collectively, the "Defendants"), failed to protect him by inciting and allowing other inmates to attack him during an incident that occurred on June 7, 2015. (*Id*. at 2-3.) Plaintiff alleges that he sustained injuries to his back, shoulder and head, and that he suffered mental trauma. (*See id*. at 3, 8-9.)

Because Plaintiff alleges that he sustained physical injuries, Defendants made multiple efforts to obtain Jhagroo's certified medical records. (5/25/18 R&R, ECF No. 61, at 1.) Over the course of more than a year, Defendants diligently sought to obtain executed authorizations from Jhagroo for the release of his medical records, to no avail. (*See id*. at 1-4.) In addition, during that period, Jhagroo failed to comply with Court orders requiring him to provide executed medical authorizations. (*See id*. at 2-4.)

The deadline for completion of discovery expired on November 16, 2017, pursuant to a deadline set by my predecessor, Magistrate Judge Ellis. (9/12/17 Order, ECF No. 32.) On January 17, 2018, I extended the discovery deadline until March 30, 2018 for the limited purpose of obtaining Jhagroo's medical records. (1/17/18 Mem. End., ECF No. 48.)

On March 28, 2018, Defendants filed a motion to dismiss for failure to prosecute. (3/28/18 Not. of Mot., ECF No. 51.) On May 25, 2018, I recommended to District Judge Swain that Jhagroo's Complaint be dismissed without prejudice for failure to prosecute. (5/25/18 R&R at 7.) After Jhagroo objected to my recommendation, in a Memorandum Order, dated September 10, 2018, Judge Swain granted Jhagroo until November 9, 2018 to comply with the Court's previous orders to provide Defendants with executed authorizations. (9/10/18 Mem. Order, ECF No. 70, at 3.) Thereafter, Jhagroo finally provided executed authorizations and in December 2018 the records were obtained by Defendants. (12/20/18 Ltr., ECF No. 73.)

On February 1, 2019, Defendants filed a motion for summary judgment. (2/1/19 Not. of Mot., ECF No. 79.) On January 27, 2020, Judge Swain issued a Memorandum Opinion and Order in which she granted Defendants' motion as to Jhagroo's claims of denial of medical care and his claim of incitement to violence by Hudson, but denied the motion as to the claim of incitement

to violence by Brown and as to the claims of failures to protect by both Defendants. (1/27/20 Mem. Op. & Order, ECF No. 105, at 18.) Thereafter, Jhagroo sent the letters that are the subject of this Order.

## DISCUSSION

I. **Plaintiff's Motion To Amend**

   A. **Legal Standards**

"Rule 15(a)(2) instructs courts to freely give leave to amend 'when justice so requires.'" *Morales v. New York City Transit Auth.*, No. 19-CV-07061 (KPF), 2020 WL 3439362, at *6 (S.D.N.Y. June 23, 2020) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also* Fed. R. Civ. P. 15(a). However, leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002).[1]

---

[1] Although the issue is not free from doubt in this Circuit, I find that I have the authority to decide Plaintiff's motion to amend as a nondispositive motion. *See MPI Tech A/S v. Int'l Bus. Machines Corp.*, No. 15-CV-04891 (LGS) (DCF), 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017) (citing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007)). A denial of a motion to amend by a magistrate judge is "treated as a nondispositive matter . . . regardless of whether the denial foreclose[s] potential claims."); *see also Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15-CV-04546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) ("Since *Fielding*, courts in this district appear to have consistently applied the 'clearly erroneous' standard to evaluate the denial of leave to amend by a magistrate judge, regardless of whether the denial foreclosed potential claims.").

B. **Application**

Plaintiff seeks leave to amend his Complaint to add Captain Lee ("Lee") and Deputy Banks ("Banks") as defendants. (*See* 5/18/20 Ltr.; 6/4/20 Ltr.) The Court denies Plaintiff's motion to amend on two independent grounds.

First, given the late stage of this case, which is on the eve of trial, there would be undue prejudice to Defendants if the motion were granted. Discovery would need to be reopened, which likely would be followed by a second motion for summary judgment. Given that this case was filed in 2016, and the delays caused by Plaintiff himself, the goal of a just, speedy and inexpensive determination (*see* Fed. R. Civ. P. 1) will not be served by permitting an eve-of-trial amendment to add additional parties.

Second, adding claims against Lee and Banks would be futile. Plaintiff alleges that Lee "committed perjury and lied," and that Banks "never had [the incident] investigated at all." (*See* 6/4/20 Ltr.) Plaintiff's perjury allegations "are criminal charges without a private right of action. *See Stathatos v. William Gottlieb Mgmt.*, No. 18-CV-03332 (KAM) (RER), 2020 WL 1694366, at *4 (E.D.N.Y. Apr. 6, 2020). To the extent that Plaintiff is seeking to bring § 1983 claims against Lee and Banks, they are time-barred. The incident in question occurred on June 7, 2015. (Compl. at 1.) The statute of limitations under § 1983 is three years. *See Neal v. Wilson*, 239 F. Supp. 3d 755, 758 (S.D.N.Y. 2017) ("For section 1983 actions filed in New York, the applicable statute of limitations is section 214 of New York's Civil Practice Law and Rules . . ., which allows three years to file suit."). Thus, the statute of limitations for Plaintiff to sue Lee and Banks expired on June 7, 2018.

Moreover, Plaintiff cannot benefit from the "relation back" doctrine. Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, which allows relation back, applies only where an amendment "changes the party or the naming of the party against whom a claim is asserted"—not where, as here, Plaintiff seeks to amend to add new parties.[2] *See Neal*, 239 F. Supp. 3d at 759 (citing cases). Plaintiff also cannot avail himself of Rule 15(c)(1)(A), which allows relation back where "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). "Section 203 [of the New York Civil Practice Law and Rules, which governs relation back in the context of amended pleadings in New York] has been interpreted to embody essentially the same limitation as Federal Rule 15(c)(1)(C) . . . namely, requiring the plaintiff to show that the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." *Neal*, 239 F. Supp. 3d at 761 (internal quotation marks and citations omitted). As previously discussed, the Court finds that Plaintiff has not made such a showing.

Thus, Plaintiff's motion to amend is denied.

## II.     **Plaintiff's Requests For Additional Discovery**

Plaintiff seeks additional discovery regarding whether "internal affairs" conducted an investigation into the alleged incident, and requests that Defendants produce documents

---

[2] As noted in *Neal*, some courts in this Circuit have not strictly followed this interpretation of Rule 15(c)(1)(C). *See Neal*, 239 F. Supp. 3d at 759. But, even if this interpretation is not followed, Plaintiff's proposed amendment to add Lee and Banks is futile since Rule 15(c) permits relation back only if the new parties "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper [parties'] identities." Fed. R. Civ. P. 15(c)(1)(C)(ii). Here, there was no "mistake" regarding the identities of Lee and Banks. Plaintiff mentioned Lee and Banks in his Complaint, but omitted their names from the caption and from the section of the Complaint where he was required to list the intended defendants. (*See* Compl. at 1-2.)

Case 1:16-cv-03426-MKV-SDA   Document 124   Filed 06/25/20   Page 6 of 7

associated with any such investigation (*see* 5/18/20 Ltr.) and that the Court order Defendants to produce "all relevant paperwork for past misconduct" by Brown, Hudson and nonparties Lee and Banks. (*See* 5/24/20 Ltr.)

In its discretion, the Court denies Plaintiff's requests. Plaintiff has not "come forward with both a justifiable reason for the lateness of [his] discovery request, and a showing of need for the discovery now sought." *See DC Comics v. Kryptonite Corp.*, No. 00-CV-05562 (DF), 2002 WL 31159121, at *1 (S.D.N.Y. Sept. 26, 2002). Since the Court has denied Plaintiff's motion to amend, Lee and Banks are not parties to this case and discovery regarding them has no bearing on the remaining issues in this case. Moreover, Plaintiff already obtained in January 2017, pursuant to the requirements of Local Civil Rule 33.2, information regarding the incident in question and the Defendants, including past disciplinary records relating to Hudson. (*See* Defs.' 6/23/20 Ltr., ECF No. 123, at 2.) The Court finds that Plaintiff has not made a showing of need for any additional discovery regarding the remaining claims in this case.

### III. Plaintiff's Request For Trial Subpoenas

Plaintiff seeks to subpoena for trial "all individuals involved in this incident . . .." (*See* 5/22/2020 Ltr.) Plaintiff's request for trial subpoenas is premature and thus is DENIED WITHOUT PREJUDICE. Plaintiff is directed to comply with Judge Vyskocil's individual rules regarding the identification of trial witnesses in the Joint Pretrial Order that will be filed prior to trial. *See* Individual Rules and Practices in Civil Cases § 7(A)(x) at 11 (parties must set forth "all trial witnesses . . . and a brief summary of the substance  at of each witness's testimony").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend and discovery requests are DENIED and his request for trial subpoenas is DENIED WITHOUT PREJUDICE. My Chambers shall mail a copy of this Opinion and Order to the *pro se* Plaintiff.

**SO ORDERED.**

DATED:  New York, New York
        June 25, 2020

_____
**STEWART D. AARON**
**United States Magistrate Judge**