UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN JHAGROO,

                    Plaintiff,

            -against-

OFFICER BROWN et al.,

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/24/2020
```

16-cv-3426 (MKV)

ORDER GRANTING
PRO BONO COUNSEL

MARY KAY VYSKOCIL, United States District Judge:

      The Court respectfully directs the Clerk of Court to seek pro bono counsel to enter a limited appearance for the purpose of trial in the above-captioned matter. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

      The *in forma pauperis* statute provides that courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

1

In *Hodge*, the Second Circuit Court of Appeals set forth the factors that a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. The litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172. In considering these factors, district courts should not apply bright-line rules. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff Ryan Jhagroo, proceeding *pro se*, brings this action asserting claims under 42 U.S.C. section 1983, stemming from an assault by fellow prisoners that allegedly occurred while he was incarcerated at the Eric M. Taylor Center ("EMTC") on Rikers Island on June 7, 2015. Jhagroo filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted [ECF #1, 4]. He therefore qualifies as indigent.

The background of this case is set forth in detail in the Court's Memorandum and Order, dated January 27, 2020, denying in part and granting in part the motion for summary judgment filed by Defendants Correction Officer Brown and Correction Officer Hudson [ECF #105]. The Court found triable issues as to Jhagroo's claims that Officer Brown incited violence against him and that both defendants failed to protect him. After the Court denied the motion for summary

judgment on those claims, the case proceeded before Magistrate Judge Aaron for settlement negotiations and pre-trial preparation. Efforts to reach a settlement were unsuccessful, and Magistrate Judge Aaron denied Jhagroo's requests to amend his complaint and reopen discovery [ECF#124]. This case is now ready for trial, and Jhagroo has requested the appointment of pro bono counsel [ECF #125].

The Court finds that Jhagroo's claims are "likely to be of substance," particularly since they have survived a dispositive motion. *Hodge*, 802 F.2d at 61–62. The Court finds that the other *Hodge* factors also weigh in favor of granting Jhagroo's application for pro bono counsel. At trial, "conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder." *Id.* at 60–61. In this case, representation would clearly "lead to a . . . more just result." *Id.* at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Jhagroo's case. The Court notes, however, that the Pro Bono Fund is intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated to provide representation beyond the matters described in this order. In particular, pro bono counsel will not be required to conduct discovery, and the Court will not look favorably upon any request to reopen discovery at this late stage.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Jhagroo for the limited purpose of trying this case. The Court advises Jhagroo that there are no funds to retain counsel in civil cases and the Court relies on volunteers. If an attorney volunteers to represent Jhagroo, the attorney will contact him directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Jhagroo should be prepared to proceed to trial without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Date:  July 24, 2020**  **MARY KAY VYSKOCIL**
      **New York, NY**  **United States District Judge**